Larry Hutcher
Joshua Krakowsky
DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| TRANSNATIONAL MANAGEMENT SYSTEMS, : <br> LLC, TRANSNATIONAL MANAGEMENT : <br> SYSTEMS II, LLC, and ADAM VICTOR, : <br>                                     : <br>             Plaintiffs,             : <br>                                     : <br>     - against -                     : <br>                                     : <br> ANTHONY CARCIONE and BIZ JET        : <br> CONSULTANTS, LLC,                   : <br>             Defendants.             : | 14 Civ. 2151 (AT) <br><br> **DECLARATION OF** <br> **ADAM VICTOR** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ADAM VICTOR, states under the penalties of perjury, pursuant to 28 U.S.C. § 1746, as true and correct, the following:

1.  I am the individually named plaintiff and owner of the two corporate plaintiffs (collectively, the "Plaintiffs") in the above-captioned action, and as such, I am fully familiar with the facts and circumstances of this action. I submit this declaration based upon personal knowledge, except where otherwise indicated, and in opposition to defendants Anthony Carcione's ("Carcione") and Biz Jet Consultants, LLC's ("Biz Jet Consultants," and collectively with Carcione, the "Defendants") partial motion to dismiss.

2.  Annexed as Exhibit A hereto is a copy of the complaint (the "Complaint") Plaintiffs filed this action on May 2, 2014.

3.  My attorneys inform me that annexed as Exhibit B is a copy of Defendants'

500643v.1

answer filed in this action, where Defendants deny that they were my agents, but were instead the sellers of the 771 Plane and the 772 Plane. Ex. B, ¶ 2.

4. In late 2009, Carcione was acting on my behalf in order to procure the purchase of, and conduct due diligence on a certain used Gulfstream IV private jet known as the "771 Plane," so I would be able to start an air charter business.

5. Carcione was arranging for a pre-buy inspection of the 771 Plane on my behalf. In the course of Carcione's duties, on or about October 9, 2009, Carcione told me that he was going to arrange for the pre-buy inspection of the 771 Plane at the Teterboro Airport in Teterboro, New Jersey, where the 771 Plane was then physically located.

6. Annexed as Exhibit C hereto is a copy of an email Carcione sent to my attorney, John Dax, on October 9, 2009, where Carcione asks Mr. Dax to fill out an application with Dallas Airmotive who was going to perform a pre-buy inspection of the 771 Plane.

7. I have reviewed Defendants' memorandum of law in support of their motion to dismiss, where they write that "[t]he parties chose Virginia" for the forum selection clause "because the pre-buy inspection was performed at Flight Works in Manassas, Virginia." That is false, since Carcione specifically represented to me that the inspection would not take place in Virginia.

8. Dallas Airmotive, who conducted the pre-buy inspection, has its main office in Dallas, Texas, and also has facilities all over the country, but it does not have a facility in Virginia. A list of locations for Dallas Airmotive can be viewed at http://www.dallasairmotive.com/content/locations.

9. If the 771 Plane had been flown to Virginia, as Defendants misstate, I would have received a fuel bill for the flight from Teterboro to Virginia and back. I never received such a bill

since the 771 Plane did not fly to Virginia for a pre-buy inspection.

10. Annexed as Exhibit D hereto is a copy of an email Carcione sent to me on November 4, 2009, where Carcione bragged about the price he was able to purchase the 771 Plane for me, writing:

> Good day Adam
>
> I will have the final numbers first thing in the morning. We need to set up the wire for Friday morning. The amount going to title will be
> $9.450MM I will have the rebate for [you] in the morning. Looks like I'm going to beat the original estimates. Which is good news.

11. After purchasing the 771 Plane in November 2009, I purchased another used Gulfstream IV private jet, known as the "772 Plane" in September 2010. Annexed as Exhibit E hereto is a copy of an agreement I signed where I believed I was purchasing the 772 Plane. That purported agreement contains a forum selection clause identifies Manhattan as the forum for any disputes. Ex. C, § 11.13.

12. Carcione played a similar role for me with respect to the 772 Plane, arranging to purchase it and coordinate all due diligence and insurance on my behalf in exchange for a $40,000 fee.

13. Annexed as Exhibit F is an email Carcione sent me on July 26, 2010 where Carcione wrote:

> Adam please review and sign the Aircraft purchase offer. This is not the final contract this document allows us to inspect the plane then we will move to the final contract assuming we are happy with the pre-buy inspection. We will be looking for the usual items. At this point the deposit is 100 percent refundable.

14. Annexed as Exhibit G is an email Carcione sent me on August 1, 2010 where Carcione showed me he was overseeing the due diligence process on my behalf for my purchase

of the 772 Plane.

15. Both the 771 Plane and the 772 Plane currently are based in a hangar in Teterboro Airport.

16. My attorneys inform me that annexed as Exhibit H is a copy of Plaintiffs' May 29, 2014 letter to this Court where Plaintiffs wrote "the Virginia forum selection clause was simply 'cut and pasted' by defendants from another agreement without any thought." Ex. H, p. 2.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      August 15, 2014

                                           /s/ Adam Victor
                                             ADAM VICTOR