UNITED STATES DISTRICT COURT
Southern District Of New York

| | |
|---|---|
| TRANSNATIONAL MANAGEMENT SYSTEMS II, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> ANTHONY CARCIONE, BIZ JET CONSULTANTS, LLC, TIM PRERO, and PEGASUS ELITE AVIATION, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 14 Civ. 02151 (KBF) <br><br> ECF Case |

## REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

Sandra Gale Behrle (4652)
LAW OFFICES OF SANDRA GALE BEHRLE
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 957-9000
Telefax:  (212) 843-9191
cbblaw@aol.com

and

Brendan Collins
GKG LAW PC
1055 Thomas Jefferson Street, NW
Suite 500
Washington, DC  20007
Telephone:  (202) 342-5200
Facsimile:  (202)-342-5219
bcollins@gkglaw.com

Attorneys for Defendants, Anthony Carcione and Biz Jet Consultants LLC

Dated:  January 4, 2017

The Plaintiffs assert a host of objections to the Biz Jet Defendants' Motion for Award of Attorneys' Fees and Costs. None have merit.

### The Attorneys' Fees and Costs Provisions in the Sales Agreements are Enforceable

The Plaintiffs first contend that the Court should ignore the sales contract provisions providing for the award of attorneys' fees and costs because Plaintiffs did not sue for breach of the sales contracts, but instead for breach of an oral agreement regarding the sales, breach of fiduciary duty, fraudulent inducement and for tort claims purportedly arising out of the sale of the Aircraft. As the Court recognized in granting the Biz Jet Defendants' Motion on the Pleadings, however, "where parties have entered into a contract, courts look to that agreement to discover the nexus of the parties' relationship . . . ." December 5, 2016 Opinion and Order ("Order") at p. 8. (ECF No. 136); *id.* at p.19 (claim fails due to the existence of the Purchasing Agreement). Thus, the Plaintiffs may not avoid binding contractual obligations by attempting to refashion breach of contract claims as breach of fiduciary duty claims, tort actions or other sundry claims.

### Plane 771

Plaintiffs argue that the provisions in the Aircraft Purchase and Sales Agreement governing Plane 771 does not apply because it is limited to actions "to enforce or interpret any of the provisions of [the] agreement," and the Plaintiffs did not seek to do so in filing their Complaints. The Plaintiffs' argument ignores the plain language of the Agreement and the relief obtained by the Defendants. The Agreement for Plane 771 expressly provides that the courts of Virginia shall have exclusive jurisdiction to hear and determine all claims, disputes, actions or suits arising out of, connected with or related this agreement . . . ." Aircraft Purchase and Sales Agreement at Clause 19. (ECF No. 142, Exh. A). The Agreement further provides that in "the

1

event any party brings an action to enforce or interpret any of the provisions of this Agreement, the prevailing party, in addition to any other relief granted in such action, shall be entitled to reasonable attorney's fees and costs." *Id.* at Clause 18.

In light of that plain language, the Plaintiffs' argument that the attorneys' fee provision in the Plane 771 sales agreement does not apply is baseless. By its terms, the Biz Jet Defendants are entitled to attorneys' fees to the extent that they were successful in enforcing the forum selection clause in the Agreement. This they clearly did in an Order that was never appealed and thus is final and binding.[1] Accordingly, the Biz Jet Defendants are entitled to an award of reasonable attorneys' fees and costs.

Moreover, even if the Court were to focus on whether the Order dismissing the claims arising from the sale of Plane 771 was final, rather than whether the Defendants successfully enforced a disputed contractual provision, the result would be the same. The Order dismissing the Complaint was entered on March 16, 2015. The Plaintiffs never filed suit in Virginia asserting such a claim. Collins Supplemental Declaration ("Collins Supp. Dec.") at ¶ 2, dated January 4, 2017. Any suit seeking to assert a claim for breach of contract under Virginia law arising out of the October 2009 sale of Plane 771 would be time barred by Virginia's five year statute of limitations. *Arrington v. Peoples Sec. Life Ins. Co.*, 458 S.E. 2d 289 (Va. 1995).

Finally, even if the Plaintiffs were not time-barred from asserting their claim for relief arising out of the sale of Plane 771, they are now collaterally estopped from doing so in light of this Court's December 5, 2016 Order. In that decision, the Court interpreted the language of a sales contract virtually identical to the language in the Aircraft Purchase and Sales Agreement governing Plane 771, and held that it precluded any action based upon a purported oral

---

[1] By its terms, the attorneys' fee provision applies to *any party* seeking to enforce or interpret a contractual provision, not merely the Plaintiffs.

agreement between the parties or claims based upon breach of fiduciary duty, fraudulent inducement or for tort claims purportedly arising out of the sale of the Aircraft. The law is well-established law that a party is collaterally estopped from re-litigating claims it had the full opportunity to litigate and lost in prior litigation. *HMK Corp. v. Walsey,* 637 F. Supp. 710 (E.D. Va. 1986); *Central Hudson Gas & Elec. v. Empresa Naviera Santa S.A.,* 56 F.3d 359 (2d Cir. 1995). Thus, the Biz Jet Defendants are a prevailing party in this litigation and are contractually entitled to attorneys' fees and costs.

### Plane 772

The Aircraft Purchase Agreement governing the sale of Plane 772 broadly provides at Clause 11.7 that in the event of any dispute, litigation or arbitration between the parties with respect to the subject matter of this agreement, the successful party shall be entitled to recover its costs and expenses incurred in enforcing the Agreement, including reasonable attorneys' fees and court costs. The Agreement further states that the term "successful party," means the party which achieves substantially the relief sought.

Here, there can be no dispute that the Biz Jet Defendants were the successful party in the litigation and achieved the relief sought. Indeed, the Plaintiffs do not legitimately dispute that, but instead argue that the Plane 772 Aircraft Purchase Agreement does not apply. As noted above, that argument was appropriately considered and rejected by the Court in dismissing the Plaintiffs' claims. (ECF No. 136).

### Parsing of Claims

The Plaintiffs' contention that the Defendants are only entitled to recover $1/11^{th}$ of the fees and expenses sought because only one claim out of eleven arises from the sale of the aircraft and is governed by the sales contracts is baseless. All of the claims at issue arise from the sales

3

of the aircraft and are governed by the respective sales agreements. Further, the claims asserted are all interrelated. Thus, no parsing of fees or costs is warranted.

Although the Biz Jet Defendants prevailed on their initial Motion to Dismiss regarding the Sale of Plane 771 in March of 2015, the Plaintiffs continued to pursue claims regarding the engine rebuild of Plane 771 in subsequent Complaints. *See* December 5, 2016 Order at p. 2, n. 2. ("Despite the Court's previous ruling, plaintiff continues to include allegations relating to the Carcione Defendants involvement in an 'engine rebuild' of the 771 Plane.") Thus, attorneys' fees throughout the case relate to TMS's claims.

Further, the award of attorneys' fees and costs against Adam Victor is justified because he personally sued the Biz Jet Defendants for breach of contract arising from the sale of Planes 771 and 772. *See e.g.*, (ECF No. 4) Complaint, Second Cause of Action (Breach of Contract - TMS and Adam Victor); Third Cause of Action (Breach of Contract – TMS II and Adam Victor); (ECF No. 59) First Amended Complaint, Second Cause of Action (Breach of Contract – TMS II and Adam Victor); (ECF No. 76) Second Amended Complaint, Second Cause of Action (Breach of Contract – TMS II and Adam Victor). Accordingly, the award of attorneys' fees and costs should be entered jointly and severally against TMS, TMS II and Adam Victor.

### **Plaintiffs Were on Notice of Contractual Attorney Fee Provisions**

Plaintiffs next assert that the motion for attorneys' fees must be denied because the Biz Jet Defendants did not file a counterclaim asserting such damages or an affirmative defense referencing their right to recover attorneys' fees. This assertion fares no better than their other contentions. As the court recognized in *Southern Ind. of Clover, Ltd. v. Zenev Textiles, S.A.*, 2004 WL 1444850 at * 2-3 (S.D.N.Y. 2004), although some circuit courts have held that attorneys' fees are special damages that must specifically be pled under Fed. R. Civ. P. 9(g), that "is not the law of this Circuit." Instead, courts look to whether the opposing party had notice of

4

a potential claim for attorney's fees or would be prejudiced by a claim for attorney's fees, not whether the claim was asserted in a complaint. There, the court held that the defendant could not seriously contend that it did not have notice of the claim for attorneys' fees when the basis for the claim was contained in the clear and unambiguous language of the contract between the parties. *Id.*

The court further recognized that its holding was supported by the language of Fed. R. Civ. P 54(c), which provides in pertinent part that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in the party's pleadings.*" *Id.* at *3 (emphasis in original.) Finally, the court held that it was appropriate to provide such relief because under New York law, when a contract provides that in the event of litigation, the opposing party will pay the attorneys' fees of the prevailing party, "the court will order the losing party to pay whatever amounts have been expended by the prevailing party, as long as those amounts are not unreasonable." *Id.*

Similarly, in *Marshall v. New Kids on the Block Partnership*, 1993 WL 350063 at *1 (S.D. N.Y. 1993), the court recognized that pursuant to Fed. R. Civ. P. 54(c ), courts in the Southern District permit requests for attorneys' raised for the first time post–trial where such request do not prejudice the opposing party. *Id.* In so holding, the court rejected the defendant's argument that it would not have elected to pursue its cross claims if it had known that it would be responsible for the opposing counsel's attorney's fees. "Given Topps' presumed awareness that the Licensing Agreement giving rise to its own cross-claim contained a provision entitling a prevailing party to attorneys' fees, as well at the liberal policy of allowing amendments to pleading under Federal Rule of Civil Procedure 15, Topps' argument that it was somehow entitled to rely on the absence of a claim for attorney's fees when evaluating the risks of litigation back in August of 1992 is unconvincing." *Id.*; *see also Klarman v. Santini*, 503 F.3d

5

29, 336 (2d Cir. 1974) (failure to request attorney's fees and expenses in the event of dismissal of complaint does not prevent recovery, citing Rule 54 of the Federal Rule that court shall grant prevailing party relief to which it is entitled, even if not contained in the pleadings); *Morse/Diesel, Inc. v. Trinity Ind. Inc.*, 875 F. Supp. 165 (S.D.N.Y. 1994) (parties may file post-trial motion for attorney's fees where request does not prejudice opposing party; no prejudice to opposing party where it had full and fair opportunity to review and contest reasonableness of fees in the submission to the court); *Terra Energy & Resources Tech. v. Terralinna Pty, Ltd.*, 2014 WL 56900416 * 4 (S.D.N.Y. 2014) (reversing prior holding as clearly erroneous that Rule 54(d)(2) motion could not be granted because requested attorneys' fees were an element of damages that had to be proved at trial); *In re Rivastigmine Patent Litigation*, 2007 WL 1154000 at * 9 (S.D.N.Y. 2007) (even if attorney's fees were considered special damages requiring formal pleadings, court may allow party to amend pleading to include such a claim).[2]

The authority the Plaintiffs seek to rely upon is readily distinguishable. In *United Ind. Inc. v. Simon-Hartley, Ltd*, 91 F.3d 762, 764-65 (5th Cir. 1996), the Fifth Circuit held that the right to recover attorneys' fees had been waived because the plaintiff did not file a motion for attorney's fees within fourteen days of entry of judgment as required by Fed. R. Civ. P. 54(d). This failure to file within the allotted period served as a waiver of its claim for attorneys' fees. Here, in contrast, the Defendants filed their motion for attorneys within four (4) days of the Court's entry of the Order on the motions to dismiss.

Plaintiff's reliance upon *Bensen v. American Ultramar Ltd*, 1997 WL 317343 (E.D.N.Y. 1997) is equally misplaced. There, the defendant sought attorneys' fees for work done in connection with their counterclaim under Sections 312 of the English Companies Act. After a

---

[2] The court there also recognized that district courts retain jurisdiction over a claim for attorneys' fees even after dismissal of the underlying claim. *Id*. at * 9.

6

lengthy trial, the defendants sought to apply the English rule to recover their attorneys' fees. The court rejected that attempt holding that the English law counterclaims were completely novel in that court and indeed had never been brought in any American jurisdiction. *Id.* at *11. As a result, "Plaintiff could not have expected that a requirement for fees would have accompanied the unusual Section 312 counterclaim, and there is no way he could have associated a request for defendants' fees with this claim. This was especially true considering defendants' earlier successful motion to exclude evidence of plaintiffs' attorneys' fees in connection with the same counterclaim. . . ." *Id.* Under those circumstances, the court held that the defendant's failure to forewarn plaintiffs of this "extremely unusual request" precluded the recovery of attorney's fees. *Id.* Here, in sharp contrast, the Plaintiffs were on notice of Defendants' right to recover attorneys' fees based upon the plain language of the contract they helped draft and negotiate. Indeed, plaintiffs' suggestion that neither party viewed the language of the contract providing that the prevailing party was entitled to attorneys' fees as applicable, is belied by the fact that plaintiffs themselves sought recovery of attorney's fees in every one of the four (4) separate complaints they filed.

Plaintiffs' suggestion that they might have been more cautious in pursuing their claims if they had only known that there was a possibility that they would be responsible for attorneys' fees is also wholly without foundation. The Plaintiffs here are not babes in the woods but instead are sophisticated parties represented by skilled counsel. As the Court recognized in granting the Defendants' Motion to Dismiss, "[T]he principle of enforcing a contract according to its terms is particularly important where commercial certainty is a paramount concern, and where the instrument was negotiated between sophisticated counseled business people negotiating at arm's length." Opinion and Order at p. 12 (citations omitted). Here, all the Plaintiffs had to do to realize that they would be subject to attorneys' fees if they did not prevail was to read their own

7

complaints (which sought attorneys' fees) or to read the sales agreements that they helped draft, negotiate, and ultimately execute. Further, the notion that the highly litigious Mr. Victor might have been deterred from pursuing this litigation if he had only known that there was a risk that he might incur attorneys' fees is belied by the fact that he appealed the Court's decision granting the motions to dismiss, after the fee motion already had been filed -- thus knowingly subjecting himself to the payment of additional attorneys' fees.

Finally, Plaintiffs' assertion that the Defendants were required to file their claim for attorneys' fee as a compulsory counterclaim is baseless. *Cumberland Farms, Inc. v. Lexico Ent. Inc.*, 2012 WL 526716 at * 8 (E.D.N.Y. 2012) (action to recover reimbursement of attorneys' fees and costs not compulsory counterclaim). Indeed, courts in the Southern District have denied such claims as premature until the court rules on the underlying merits of the action. *4Kids Entertainment, Inc. v. The Upper Deck Co.*, 797 F. Supp2d 236, 249-50 (S.D.N.Y. 2011). Should, however, the Court determine that the Defendants must file a counterclaim or an amended answer in order to recover its attorneys' fees, the Defendants request permission to do so.

## Attorneys' Fees Sought are Reasonable and Supported by Evidence

In a last ditch attempt to avoid its contractual obligation to pay reasonable attorneys' fees and costs, the Plaintiffs assert that the fees sought are excessive and unsupported by any evidence. Again, the assertions lack a factual or legal basis.

Despite the Plaintiffs' assertion to the contrary, the Biz Jet Defendants proffered unrefuted evidence that the hourly rates being charged were reasonable for litigators with their experience, particularly given the complexity of the case and the amount in dispute (compensatory damages in excess of $3,000,000 and punitive damages in excess of $1,500,000). Declaration of Brendan Collins at ¶¶ 35 and 36 (ECF No. 143.) Further evidence regarding the

reasonableness of the rates sought is reflected in the Declaration of Sandra Gale Behrle ("Behrle Dec.") dated December 30, 2016 at ¶ 6. The Declarations of Mr. Collins and Ms. Behrle also provide evidence as to the reasonableness of the time spent litigating the dispute. Collins Dec. at ¶¶ 9, 21-34; Behrle Dec. at ¶¶ 5-6.

Plaintiffs contend that the time spent by Biz Jet Defendants' counsel in disposing of their claims was excessive. This argument ignores the fact that the time spent was necessary in order to address issues and arguments asserted by the Plaintiffs. The Plaintiffs filed four separate complaints in the case, each of which contained lengthy factual recitations (in some cases with over a hundred numbered paragraphs) and asserted numerous and diverse legal theories. Plaintiffs now emphasize that the claim regarding Plane 771 was disposed of on forum *non conveniens* grounds, but ignore the fact that they vigorously opposed the Biz Jet Defendants' right to even file a motion to dismiss on that grounds. *See* Krakowsky letter dated May 29, 2014 (ECF No. 15). When the Biz Jet Defendants ultimately obtained the Court's consent to move to partially dismiss the Complaint on those grounds, the Plaintiffs fought application of the forum selection clause by submitting sworn statements from the Plaintiffs' principal, Adam Victor, that the clause had been obtained by fraud. Further, even after that ruling, the Plaintiffs continued to pursue claims arising out of the engine rebuild of the 771 Plane.

In addition, when the Defendants suggested that the parties minimize expenses by extending the discovery deadline pending resolution of a Motion to Dismiss, the Plaintiffs initially opposed such an extension.[3] Having chosen to vigorously fight every step of the way in

---

[3] The Plaintiffs subsequently joined in a motion to extend the discovery deadline pending a ruling on the last Motions to Dismiss which relief was denied by the Magistrate Judge, thus requiring additional discovery expenses to be incurred. (ECF No. 134).

this litigation, the Plaintiffs cannot now complain that the Biz Jet Defendant incurred legal expenses in defending against their claims.

Finally, the Plaintiffs seek to reduce the attorneys' fees and costs which the Defendants seek by asserting that there is no evidence that the attorneys' fees were paid, no evidence that GKG Law only charged the Biz Jet Defendants what Westlaw charged it and insufficient evidence supporting its claim for travel, Case Driven Technologies, and for Encryptomatic. The Defendants are not required to show that all attorneys' fees have already been paid to justify recovery but in order to eliminate any uncertainty as to their right to recover such fees and costs, Biz Jet submits the Supplemental Declaration of Brendan Collins reflecting that: 1) all of the attorneys' fees and expenses sought by the Biz Jet Defendants have been paid; 2) GKG Law regularly bills its client for Westlaw charges, and the Westlaw charges submitted are limited to what Westlaw charged GKG Law, and do not include a surcharge; 3) the travel costs sought are the charges Mr. Collins incurred in traveling to and from Idaho for Anthon Carcione's deposition and his travel to and from New York when Mr. Collins attended hearings in the case; 4) Case Driven Technologies refers to a third party used to copy and produce documents in discovery; and 5) Encryptomatic refers to software necessary to review emails produced in discovery.

Wherefore, for the reasons set forth above and in the Biz Jet Defendants' Memorandum in Support of their Motion for Attorneys' Fees and Costs, the Biz Jet Defendants seek $140,132.50 in attorneys' fees and $12,253.55 in costs.

DATED: January 4, 2017
        New York, New York

                                  Respectfully submitted,

*Sandra Behrle, P.C.*
Sandra Gale Behrle (4652)
LAW OFFICES OF SANDRA GALE BEHRLE
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone: (212) 957-9000
Telefax: (212) 843-9191
cbblaw@aol.com

            and

Brendan Collins
GKG LAW PC
1055 Thomas Jefferson Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 342-5200
Facsimile: (202)-342-5219
bcollins@gkglaw.com

Attorneys for Defendants, Anthony Carcione and Biz Jet Consultants LLC

## Certificate of Service

I hereby certify that on the 4th day of January, 2017, I served the foregoing via ECF, as follows:

>Joshua S. Krakowsky
>Larry Hutcher
>Davidoff Hutcher & Citron LLP
>605 3rd Avenue
>New York, NY 10158
>(212) 557-7200
>Email: JSK@dhclegal.com
>         LKH@dhclegal.com

>David S. Olson
>800 Wilshire Blvd
>12th Floor
>Los Angeles CA 90017
>(213) 629-5700
>Email: DOlson@ClarkTrev.COM

*Sandra Gale Behrle P.C.*
Sandra Gale Behrle (4652)